## Mehaffey *v.* Fink.

*Appeals—Delay in perfecting—Notice—Rule of court.*

Where an appeal is not perfected by the filing of the writ in the office of the prothonotary of the court from which the appeal is taken, within six months from the entry of the decree, order or judgment, or within reasonable time thereafter, and where appellant omitted to file his assignments of error as provided in Rule 9, and to give notice of the appeal as required by Rule 6, the same will be quashed.

*Appeal from justice—Cause of action—Judgment by default.*

On an appeal from the judgment of justice of peace, it would seem that a rule of court providing for a judgment by default does not apply where the plaintiff has elected to file a statement of claim which discloses that he had no cause of action.

Argued April 23, 1900. Appeal, No. 38, April T., 1900, by plaintiff, in a suit of F. M. Mehaffey against H. G. G. Fink, from order of C. P. No. 1, Allegheny Co., Dec. Term, 1896, No. 336, making absolute rule for arrest of judgment. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed. Per Curiam.

Motion in arrest of judgment. Before the court in banc.

It appears from the record that this was an action of assumpsit brought before an alderman. After hearing judgment was rendered by the alderman for the amount of $47.00. Defendant appealed to the common pleas. A statement and affidavit of claim were filed alleging the cause of action. Defendant answers and pleads non-assumpsit with leave. The case was called for trial and neither defendant nor his counsel being present, plaintiff asked for judgment, which was granted by the court. Defendant subsequently petitioned the court to have judgment opened; also for arrest of judgment. The court below refused to open the judgment but allowed the motion in arrest of judgment without rendering an opinion. Plaintiff appealed.

*Error assigned* was in making the rule absolute to arrest judgment for the reasons given. 1. That the declaration and affidavit of claim filed in above stated cause set forth no legal

cause of action which entitled the plaintiff to recover.  2. That from the entire record in the case the said plaintiff is not entitled to recover.  These assignments were printed in the paper-book but not filed.  The defendant moved to quash for the reasons stated in the opinion.

*W. G. Crawford,* for appellant.

*E. E. Craumer,* for appellee.—Judgment for the plaintiff may be arrested or withheld on the ground that there is some error appearing on the face of the record which vitiates the proceedings.  In consequence of such error, on whatever part of the record it may arise from the commencement of the suit to this period, the court is bound to arrest the judgment: Troubat & Haley, Prac. 431, sec. 769.

Causes appearing on the record for arresting judgment, inter alia are: If it appears by the declaration that the plaintiff had not a cause of action: Harley v. Ins. Co., 120 Pa. 182; Troubat & Haley, Prac. 432, sec. 770.  If the declaration lacks the essentials of a cause of action in matters of substance, judgment for want of sufficient defense will be reversed; and such defect will be fatal also in arrest of judgment or on error: County of Sullivan v. Middendorf, 7 Pa. Superior Ct. 71.

A verdict may cure a defect in the manner of stating a cause of action, but not when no cause of action exists: Harley v. Ins. Co., 120 Pa. 182; Irvine v. Bull, 4 Watts, 287; County v. Middendorf, 7 Pa. Superior Ct. 71.

PER CURIAM, May 24, 1900:

This was an appeal by the defendant from the judgment of a justice of the peace.  On October 26, 1898, the cause was called for trial, and neither the defendant nor his counsel being present judgment was rendered for the plaintiff for the amount of the judgment entered by the justice, in accordance with the rule of the court below.  On October 31, 1898, the defendant moved for and obtained a rule to show cause why judgment should not be arrested, upon the ground that the statement of claim showed no cause of action that would support a judgment.  At the same time he obtained a rule for a new trial based on reasons fully explaining his default.  On December 29, 1898,

the latter rule was discharged and the former made absolute. On June 27, 1899, the plaintiff entered an appeal in this court and took out a writ of certiorari but did not file the same in the court below, nor otherwise give notice of the appeal until March 5, 1900. The defendant moved to quash the appeal.

Section 4 of the Act of May 19, 1897, P. L. 67, provides that no appeal shall be allowed in any case unless taken within six calendar months from the entry of the sentence, order, judgment or decree appealed from, but does not declare in so many words that the writ of certiorari shall be filed in the prothonotary's or clerk's office of the court from which the appeal is taken within six months. But where the appeal is not perfected by the filing of the writ in the office of the prothonotary or the clerk of the court from which the appeal is taken within six months from the entry of the decree, order or judgment or within reasonable time thereafter, notice of the appeal should be given as provided in Rule 6. As neither of these things was done in the present case and as the appellant omitted to file his assignments of error as provided in Rule 14 the appeal will be quashed. We remark, however, that we cannot say that the court committed error in holding, as we may presume it did, that its rule does not authorize judgment by default where on appeal from a justice of the peace the plaintiff has elected to file a statement of claim, and this shows that he has no cause of action. See Palethorp v. Schmidt, 12 Pa. Superior Ct. 214.

The appeal is quashed.