# Donley v. Semans, Appellant.

*Sheriffs' sales—Advertising—Notice to defendant—Failure to personally serve—Presence at sale—Act of Jan. 12, 1705, 1 Smith's Laws, 56, Sec. 4.*

1. Exceptions to a sheriff's sale, complaining that notice of the sale was not given to defendant as required by the Act of January 12, 1705, 1 Smith's Laws 56, Section 4, are without merit, where it appears that the defendant had actual notice, was represented at the sale by an attorney of record, and where it does not appear how further notice could have added to the defendant's information on the subject, or have conferred on him additional advantage.

*Practice, Supreme Court—Appeals—Time for taking and perfecting appeals—Act of May 19, 1897, P. L. 67—Quashing appeal.*

2. An appeal may be taken at any time within six months from the entry of the decree, order or judgment appealed from, under the Act of May 19, 1897, P. L. 67, and must be perfected within a reasonable time thereafter.

3. An appeal is not perfected until the writ of certiorari issued by the appellate court has been lodged in the court from which the appeal is taken.

4. A motion to quash an appeal will be granted where it appears that the decree appealed from was entered July 31, 1916, and the writ of certiorari was issued January 30, 1917, but was not filed in the court below until August 16, 1917, and that no notice of the appeal was given until that time.

Argued Oct. 1, 1917. Appeal, No. 61, Oct. T., 1917, by defendant, from judgment of C. P. Greene Co., June T., 1916, No. 28, dismissing exceptions to sheriff's sale, in case of Edward G. Donley v. Isaac W. Semans.

Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ.  Appeal quashed.

Exceptions to a sheriff's sale.  Before RAY, P. J.

Motion to quash appeal.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions.  Defendant appealed.

*Error assigned* was in dismissing the exceptions.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *Crago & Montgomery,* for appellant.—The requirements of the Act of January 12, 1705, 1 Smith's Laws 56, relating to giving notice to the defendant of a sheriff's sale were not complied with.

*James J. Purman,* with him *Andrew A. Purman,* for appellee.—The appeal was not taken and perfected within six calendar months from the entry of the decree appealed from, or within a reasonable time thereafter, as required by Sections 2 and 4 of the Act of May 19, 1897, P. L. 67, therefore the appeal should be quashed: Johnson v. Whitman Agricultural Co., 2 West. Rep. 414; Mehaffey v. Fink, 13 Pa. Superior Ct. 534; Singer v. Del., L. & W. R. R. Co., 254 Pa. 502; Platt-Barber Co. v. Groves, 193 Pa. 475; Marks v. Baker, 2 Pa. Superior Ct. 167.

OPINION BY MR. JUSTICE FRAZER, January 7, 1918:

Plaintiff began proceedings to foreclose a mortgage against coal land in Greene County, belonging to defendant, a nonresident of the county, to which defendant on the return day of the alias scire facias appeared and filed an affidavit of defense.  Subsequently judgment was entered against him because of the insufficiency of the affidavit and a levari facias issued under which the sheriff, after giving notice by advertising in two newspapers published in Greene County, and by handbills posted on

the premises and in other places in the county, sold the property at public sale. Personal notice of the sale was not given defendant by the sheriff; he, however, was aware of the proceedings, having entered formal defense and was also informed of the date and place of sale and made application to the court to stay the writ. Upon refusal of his application, defendant's attorney attended the sale, gave notice to bidders concerning the proceedings and was a bidder for the property. Subsequently defendant objected to the confirmation of the sale and filed exceptions to the sheriff's return of the writ, alleging notice of the time and place of sale was not given him as required by Section 4 of the Act of January 12, 1705, 1 Sm. L. 56, which provides that "before any such sale be made, the sheriff or other officer, shall cause so many writings to be made, upon parchment or good paper, as the debtor or defendant shall reasonably desire or request, or so many, without such request, as may be sufficient to signify and give notice of such sales or vendues, and, of the day and hour when, and the place where, the same will be, and what lands or tenements are to be sold, and where they lie; which notice shall be given to the defendant, and the said parchments or papers fixed by the sheriff, or other officer, in the most public places of the county or city, at least ten days before the sale." The record shows no averment that defendant was injured or prejudiced in any way by the sheriff's failure to give the personal notice required by the foregoing section of the Act of 1705 and as defendant's actual notice is conceded, the question raised was a purely technical one. The court below dismissed the exceptions and defendant appealed.

We deem it unnecessary, in view of the admitted facts of the case, and also for reasons hereinafter stated, to consider whether or not the Act of 1705 is still in force. Notice by advertising was duly given, actual notice is admitted, defendant was represented by an attorney of record who attended the sale, and, as was suggested in

the opinion of the learned judge of the court below, it does not appear how further notice could have added to defendant's information on the subject, or have conferred on him additional advantage. The appeal, therefore, is without substantial merit. Aside from this question, however, we are of opinion plaintiff's motion to quash must be sustained, for the reason the appeal was not taken and perfected within the time required by the Act of May 19, 1897, P. L. 67.

The decree of the court below was entered July 31, 1916, and the writ of certiorari issued January 30, 1917, but not filed in the court below until August 16, 1917, more than a year after the entry of the decree, and notice of the appeal was not given until that time. Section 4 of the Act of 1897 provides that "no appeal shall be allowed in any case unless taken within six calendar months from the entry of the sentence, order, judgment or decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless taken and perfected, and bail entered in the manner herein prescribed within three weeks from such entry. An appeal from the Superior Court to the Supreme Court must be taken and perfected within three calendar months from the entry of the order, judgment or decree of the Superior Court. Appeals taken after the times herein provided for shall be quashed on motion." Section 2 of the act provides that "When an appeal has been entered the prothonotary of the appellate court shall issue a writ, in the nature of a writ of certiorari, directed to the court from which the appeal is taken, requiring said court to send to the appellate court for review, the record in the cause or matter wherein is entered the sentence, order, judgment or decree appealed from, on or before the Saturday prior to the first day of the week fixed by the appellate court for the argument of said appeal, and no appeal shall be considered perfected until such writ be filed in the court below." It will be noted there is an apparent distinction in the above provisions of the act between the

taking or entering of an appeal in the appellate court and perfecting it by filing the writ of certiorari in the court below. In referring to the six months' limitation the provision is that "no appeal shall be allowed unless taken" within the specified time. Nothing is said as to its being perfected. While in the absence of directions indicating a contrary intent, such action might well be implied as necessarily incident to the taking of the appeal, such construction, however, is prevented by the subsequent language requiring the appeal to be "taken and perfected within three weeks" if desired to have it operate as a supersedeas, and also prescribing that the appeal must be "taken and perfected" within three months if from the Superior Court to the Supreme Court. Under Section 2, filing of the writ in the court below is necessary to accomplish the perfecting of the appeal. The legislature, for no apparent reason, did not require the appeal to be perfected within six months but merely provided it should be taken or entered within that period, leaving the time for perfecting indefinite. In Mehaffey v. Fink, 13 Pa. Superior Ct. 534, where the facts were almost identical with those here presented, it was held the appeal must be perfected by filing the writ in the office of the prothonotary of the court from which the appeal was taken "within six months from the entry of the decree or order or judgment or within a reasonable time thereafter." In Platt-Barber Co. v. Groves, 193 Pa. 475, the question was as to the time within which appeals from the Superior to the Supreme Court must be taken and perfected where petition for special allowance was presented and allowed. Judgment of the Superior Court was entered July 29th, the petition for allowance of appeal presented August 26th, and rule to show cause granted and made returnable the second Monday of October which rule was not made absolute until March following, nearly eight months after the entry of judgment. Counsel filed no præcipe for certiorari under the mistaken belief that the allowance of appeal rendered such

action unnecessary.   This court held the Act of 1897 made a certiorari necessary in all cases, but as the practice had not been settled a certiorari was allowed nunc pro tunc as of the day following that on which the rule was made absolute.   In regard to the time of appeal this court held the filing of the petition for special allowance within three months was sufficient compliance with the act and that the time would be computed as of the date of the filing with the prothonotary, and said (p. 479) : "If the appeal is allowed, of which counsel will receive immediate notice from the prothonotary, the præcipe for a certiorari should be promptly issued, and the appeal perfected in accordance with the statute.   No exact limit of time can be fixed, but counsel will be required to be prompt, and no more than reasonable time for diligent action will be allowed."

In the present case no excuse is offered by defendant for failure to perfect the appeal for more than six months after the writ of certiorari was issued.   The practice of retaining such writs in possession of appellant or his attorney for an indefinite period or until made necessary by the lapse of time within which the record must be sent to the appellate court, is not to be commended, and while the Act of 1897 does not expressly require the perfecting of the appeal within the six months' period, it does contemplate, and the interest of justice and the rights of litigants will be best served by holding, that this should be done with reasonable promptness and diligence.   Under the facts of the present case this was not done.

The appeal is quashed.