## De Marko v. Hiller & Braun.

*Workmen's Compensation Law—Appeal from action of board—Notice—Act of June 26, 1919.*

1. The right of appeal from the order or decree of the Workmen's Compensation Board is purely statutory, and the requirements incidental thereto mandatory.

2. An appeal will be stricken off when written notice to the adverse party has not be given as required by the Act of June 26, 1919, § 427, P. L. 642.

3. The fact that the required notice has been given should be disclosed by the record.

Act of June 26, 1919, § 427, P. L. 642, considered.

Appeal from decision of Workmen's Compensation Board. C. P. Washington Co., Feb. T., 1923, No. 183.

Before Brownson, P. J., and Cummins, J.

*Roy I. Carson,* for appellant.

*Dalzell, Fisher & Dalzell* (with them *Wylie, Marriner & Wiley),* for appellee.

CUMMINS, J., April 23, 1923.—This case comes before the court upon appeal from the order and decree of the Workmen's Compensation Board, and was heard upon motion to strike off.

The reason assigned in support of the motion to strike off the appeal was failure on the part of the appellant, at the time of taking the appeal, to serve upon the adverse party a written notice therof.

An examination of the record does not disclose the fact that any such notice was given, and counsel for appellant freely admitted, upon argument, that no such notice was given until after motion to strike off, made something more than two months after the actual taking of the appeal.

Section 427 of the Act of June 26, 1919, P. L. 642, provides: "Any party may appeal from any action of the board on matters of law to the Court of Common Pleas of the county in which the accident occurred, or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the Court of Common Pleas of any other county of this Commonwealth. Such appeal must be brought within ten days after notice of the action of the board has been served upon such party. . . . The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal

and the court in which the same is filed, and shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence."

The right of appeal from the order or decree of the Workmen's Compensation Board is purely statutory, and the requirements incidental thereto mandatory: Geery *v.* The Standard Refractories Co., 8 Dept. Reps. 764; Skokan *v.* Coal Co. et al., 7 Dept. Reps. 2284. See Donley *v.* Semans, 260 Pa. 88.

This notice required by the act must not only be given, but that fact should be disclosed by the record. The record should be self-sustaining.

Appellant having failed to perfect his appeal by giving the notice required by the act, the same must for that reason be quashed.

### Decree.

And now, to wit, April 23, 1923, the appeal in the above case is quashed, at the cost of the appellant.　　　　From Harry D. Hamilton, Washington, Pa.