# Polakoff *v.* Marchand College of Chiropractic et al., Appellants.

*Appeals—Appeal taken too late—Jurisdictional question—Act of March 5, 1925, P. L. 23.*

1. Where, under the Act of March 5, 1925, P. L. 23, a preliminary decree has been entered determining a question of jurisdiction the appeal allowed by the act must be taken within fifteen days of the entry of the decree.

2. If an appeal is not taken until eighteen days after the date of the entry of the decree, the appeal will be quashed.

Submitted May 24, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 223, Jan. T., 1926, by defendants, from order of C. P. No. 4, Phila. Co., March T., 1926, No. 6693, discharging rule to quash writ of mandamus, in case of

Harry Polakoff v. The Marchand College of Chiroprac-
tic, John Doughty, President, et al.   Appeal quashed.

Rule to quash writ of mandamus.   Before McCul-
LEN, J.
The opinion of the Supreme Court states the facts.
Rule discharged.   Defendants appealed.

*Error assigned* was, inter alia, order, quoting record.

*B. I. de Young,* for appellants.

*Henry Arronson* and *Gabriel D. Weiss,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 26, 1926:
Defendant college is a New Jersey corporation, doing
business in the City of Philadelphia, where it has all its
property and transacts its entire business.   Plaintiff, the
holder of ten shares of its capital stock, filed in the court
below a petition alleging the officers of the corporation
were paying themselves salaries in excess of the sums
they agreed to accept for their services, that they were
using funds of the corporation for the improvement of
property other than that belonging to the company, and
otherwise mismanaging its affairs, and refused to permit
plaintiff to inspect its books.
Plaintiff averred he was without adequate remedy at
law and asked that a writ of mandamus issue requiring
the officers named to produce all books and papers of
the corporation and permit him to inspect them, and
procure such information as may be necessary to pro-
tect his legal rights.   An alternative writ was granted,
which defendant moved to quash on the ground, among
others, that the relief asked for related to the internal
management of the corporation, and the rights of plain-
tiff as a stockholder, and that the court was without
jurisdiction to exercise such powers over a foreign cor-
poration.   The court below discharged the rule to quash,

with leave to defendants to make return or answer. Defendants appealed.

Discussion of the merits of the question involved is unnecessary as the appeal was not taken within the time allowed by statute. The Act of March 5, 1925, P. L. 23, governing the procedure in cases in which there is raised a question involving the jurisdiction of the court over defendants, or over the cause of action for which suit is brought, provides such questions shall be preliminarily determined by the court, and allows an appeal from the decision rendered as in cases of final judgments.

Section 3 of the act provides, however, that the appeal "must be taken and perfected within fifteen days from the date when the decision is rendered" and further that "a failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally." These provisions of the act are mandatory, and an examination of the record shows they were not complied with in the present case. The order of the court discharging the rule to quash was made April 10, 1926, and it was not until April 28th, that security was entered, and the certiorari from this court lodged with the prothonotary of the court below. It accordingly appears that eighteen days intervened between the decision and the appeal, which rendered the latter too late under the act.

The appeal must therefore be quashed.