Schmehl et al., Exrs., *v.* Mellinger, Appellant.

Argued January 19, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Daniel L. McCarthy,* with him *Justin D. Jirolanio* and *Marshall M. Cohen,* for appellant.

*Paul A. Mueller*, of *Windolph & Mueller*, with him *Luther C. Schmehl*, for appellees.

OPINION BY MR. JUSTICE STERN, March 22, 1937:

Plaintiffs' bill in equity alleges the following facts: Defendant and his wife Lillian bought a tract of land, the purchase money being paid out of the separate estate of the wife but title taken in the name of both as tenants by entireties. A dwelling house was erected thereon, the cost of which was paid by the wife. Sometime later defendant agreed to execute documents necessary to relinquish all rights that he might have as husband in his wife's separate estate. Both of them believed that the land and house were part of such separate estate. Accordingly defendant signed and delivered "a certain release or agreement" dated June 15, 1929, receiving from his wife the sum of $2,500 in cash as consideration. This release contained preambles to the effect that the wife was seised of the land and house, together with certain personal property, and that it was the desire and intent of defendant to release and extinguish all rights which he might have in her assets by reason of his status as husband; therefore he released her "of and from all right, title and interest which I now have or ever did have in the estate, real, personal or mixed, of the said Lillian I. Mellinger." By this release both parties "intended to vest title in fee simple to the real estate . . . in Lillian I. Mellinger alone"; at the time it was executed they "were mistaken in fact and in law as to the legal title to the real estate . . . and as to the legal effect" of the release. Lillian I. Mellinger died, having devised the house to her sister Katie M. Schmehl, one of the plaintiffs. The bill prayed that defendant be declared a trustee of the real estate and be directed to execute a deed conveying the title.

Defendant, having filed an answer denying most of the essential averments of the bill, presented a petition asserting that the court of common pleas did not have

jurisdiction over the cause of action because "said action being brought to compel the specific execution of contracts made by decedent . . . the Orphans' Court of Lancaster County has exclusive jurisdiction over said action under paragraph 'i' of Section 9 of the Act approved June 7, 1917, P. L. 363." A rule for the preliminary determination of this question was discharged by the court, whereupon defendant took the present appeal under the Act of March 5, 1925, P. L. 23. Plaintiffs filed a motion to quash upon the ground that the appeal was not perfected within the time specified in the act.

The order of the court below discharging the rule to show cause was entered on October 9, 1936. On October 23 defendant filed affidavit of appeal in the Supreme Court; on October 24 the prothonotary mailed to defendant's counsel the writ of certiorari, which was received on October 26 and filed on October 27 in the office of the prothonotary of the Court of Common Pleas of Lancaster County.

Prior to the Act of 1925 no appeal lay from an interlocutory decision as to jurisdiction: *Clark v. Elkin,* 283 Pa. 339, 342; *Wettengel v. Robinson,* 288 Pa. 362, 367. That act established such appeal, but, by section 3, it "must be taken and perfected within fifteen days from the date when the decision is rendered." The Act of May 19, 1897, P. L. 67, provides that "no appeal shall be considered perfected until such writ [of certiorari] be filed in the court below." (See *Donley v. Semans,* 260 Pa. 88.) It is clear, therefore, that the appeal in the present case, not having been perfected within the time specified in the act, must be quashed: *Polakoff v. Marchand College,* 287 Pa. 28.

Ordinarily the technical quashing of an appeal is to be deprecated, but here such action may be taken with the less regret because on the present state of the record it is difficult, if not impossible, to ascertain whether the court of common pleas has jurisdiction over the cause of action set forth in the bill, or whether plaintiffs' remedy

lies exclusively within the domain of the orphans' court. The question can probably be better determined on final review,* the bill meanwhile being clarified so as to indicate more explicitly the facts and the exact basis upon which relief is sought. Are plaintiffs proceeding on the theory of a resulting trust created by reason of the purchase money having been paid by decedent but title taken in the name of herself and defendant? Or is the bill intended to be for the reformation of an instrument executed under a mutual mistake, either as to facts or legal import? The arguments before this court were based upon the assumption that the bill seeks specific performance of an agreement on the part of defendant to convey his interest in the real estate to plaintiffs' decedent, but if any such contract existed it is not definitely set forth in the bill. Was it oral or written, and what were its terms? While the bill speaks of the release of June 15, 1929, as being itself an "agreement," that instrument does not seem to contain any covenant, at least any express covenant, to convey title to real estate. If, however, it should finally appear that the proceeding *is* for the specific performance of a contract, the question of jurisdiction will have to be determined in the light of the Acts of June 7, 1917, P. L. 363, section 9(i), and June 7, 1917, P. L. 447, section 18(a), and such cases, among others, as *Mussleman's Appeal*, 65 Pa. 480; 71 Pa. 465; *Huggins's Estate*, 204 Pa. 167; *Gable v. Whiteside*, 242 Pa. 188; *Bell v. Bell*, 287 Pa. 269; *Manzer v. Wycoff & Wycoff*, 78 Pa. Superior Ct. 560; *Estate of Lena Hartzell*, 114 Pa. Superior Ct. 190.

Appeal quashed.

---

* Quashing of the present appeal does not prevent the question of jurisdiction over the subject matter being raised at any subsequent stage of the proceedings: *Wettengel v. Robinson*, 288 Pa. 362, 367-8; *Conerty v. Butler County Oil Refining Co.*, 301 Pa. 201.