## Commonwealth, Appellant, *v.* Irwin.

Argued October 1, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George W. Keitel,* Deputy Attorney General, with him *A. Frank Steiner,* and *Claude T. Reno,* Attorney General, for appellant.

*Edward G. Bauer,* for appellee.

OPINION BY MR. JUSTICE LINN, November 23, 1942:

The Commonwealth appeals from an order requiring the Secretary of Revenue to issue to appellee a license to operate a motor vehicle.[1]

The case began in the court below on October 1, 1940, by the appellee's petition stating that on March 3, 1939, the Secretary of Revenue suspended his license on the ground that he was "incompetent to operate a motor vehicle;" see section 615 of the Vehicle Code, Act of May 1, 1929, P. L. 905, Art. VI, section 615, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS section 192.[2] The petition set forth that a hearing was held by the Secretary, followed by suspension based on the fact

---

[1] "Now, March 31st, 1942, . . . It is further ordered that the Department of Revenue, Bureau of Highway Patrol and Safety be and it is hereby directed to issue to the appellant, Kenneth Irwin, a license certifying to his privilege of operating motor vehicles in the Commonwealth of Pennsylvania for the year ending January 31, 1943, upon appellant's filing a new application, paying the required license fee for the current year, and furnishing to the Department a letter from a competent physician certifying that appellant on the date of the certificate is free from epileptic attacks and competent to operate a motor vehicle in so far as epilepsy is concerned. The applicant, Kenneth Irwin, is ordered and directed to submit a similar certificate with any subsequent application filed by him for an operator's privilege."

[2] Clause (b) provides: "The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, . . . whenever the secretary finds upon sufficient evidence . . . (5) That such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle."

that appellee "had been confined in the Selinsgrove State Colony for Epileptics, . . . having been discharged therefrom on April 22, 1932." Petitioner also averred that since that date doctors had "pronounced him well" and that he had "requested the Department of Revenue to reinstate his operating privilege and they have consistently refused to do so," inter alia, as late as September 9, 1940. The court made an order granting the appeal "from the order of the Secretary of Revenue suspending his [appellee's] operator's license." On November 1, 1940, the Commonwealth appeared and moved to quash the appeal on the ground that it was not taken within the 30-day period specified for such appeals by section 615.

The next thing appearing in the record is entitled "Decree Sustaining Appeal" and is dated April 9, 1941.[3] On April 17, 1941, the Commonwealth filed exceptions to the order of April 9, 1941, repeating its objection that the appeal was not taken in time and that the order "attempts to dispose of the entire case; whereas, the only matter before the Court for consideration was a preliminary Motion to Quash . . ."

The right to operate a motor vehicle on the public highway is subject to regulation under the police power and such regulations have been embodied in the Vehicle

---

[3] "And now, April 9th, 1941, it appearing to the Court that the official withdrawal of operating privilege was for the reason 'incompetent to operate a motor vehicle' and that the same notice further states that 'this notice also voids application for 1939 operator's license', and it further appearing that the said suspension was due to the applicant (appellant) having been in an epileptic hospital, and it further appearing that this appeal is from the action of the Department of Revenue by letter, dated September 9th, 1940, depriving the said applicant (appellant) not only a rehearing but depriving him of the privilege of applying for an operator's license; therefore, it is ordered, adjudged and decreed that the motion to quash the appeal is overruled, and the Department of Revenue, Bureau of Highway Patrol and Safety, is ordered and directed to restore forthwith to the appellant, Kenneth Irwin, the privilege of applying for an operator's license as provided under the Act of Assembly of June 27th, 1939, P.L. 1135, Section 10."

Code. A qualified person may not be deprived of the privilege of obtaining a license by arbitrary action of the officers entrusted with the administration of the code. If an applicant is aggrieved by the action of the Secretary, section 616 provides for an appeal to the common pleas where the case is heard de novo. *Commonwealth v. Funk*, 323 Pa. 390, 399, 186 A. 65; *Commonwealth v. Cronin*, 336 Pa. 469, 9 A.2d 408. There will, no doubt, be common agreement that a person afflicted with epilepsy is "incompetent or unable to exercise reasonable and ordinary control over a vehicle" on the public highway.

It is elementary that an order cannot be sustained unless it is supported by the record. The certified record consists merely of the Petition, the Motion to Quash, and the two orders of the court quoted above. They do not support the action of the court. The order of April 9, 1941, recites, ". . . it appearing to the Court . . .", etc. The record does not show from what evidence it "appeared." In the opinion written to support the order of March 31, 1942, it is said that "Regarding the applicant's condition, sufficient evidence has been submitted to the Court to indicate that the appellant is not now suffering from epilepsy, and that he has been free from an attack for a period of eight years. This would indicate that he should have his license restored until such time as he might be so unfortunate as to suffer from a recurrence of the epileptic attacks. In order that the Department of Revenue might not be under the necessity of constantly and continually investigating the matter of appellant's condition we believe he should submit annually with his application for a driver's license a doctor's certificate certifying to his condition with respect to the question of whether he is or is not suffering from epileptic attacks and will so order." There is nothing in the record certified to us advising in what circumstances that evidence was submitted, nor what it was. Was there a hearing de novo? What were the issues to be heard, and on what pleadings?

In *Commonwealth v. Cronin,* 336 Pa. 469, 9 A.2d 408, a case dealing with suspension of an operator's license, we said that ". . . it is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made . . ."

In the absence of evidence of something to show on what the learned court based its conclusions, and whether the evidence is sufficient, we must reverse the order. Apparently the learned court confused action by the Secretary under section 615 of the code, from which the appeal was taken, with possible action under section 615.1, which appeared in the amendment of June 27, 1939, P. L. 1135, 75 PS section 192.1, and provided that the Secretary should conduct a hearing on the restoration of the privilege of applying for an operator's license, a procedure not provided for in the code before amendment. There has been no hearing under section 615.1. This confusion appears from the opinion of the court which states: "On September 9, 1940, in reply to an inquiry from Mr. Irwin's counsel, the Department of Revenue definitely refused Mr. Irwin the privilege of applying for an operator's license. From this refusal to permit an application to be filed an appeal was taken within thirty days, to wit, on October 1, 1940." The refusal to reconsider the action of March 3, 1939, suspending the operator's license was treated as a deprivation "of the privilege of applying for an operator's license" under the amendment of 1939, made to section 616. Section 615.1 provides that "The secretary may suspend the privilege of any person to apply for an operator's license or learner's permit after a hearing before the secretary or his representative . . ." The only hearing before the Secretary was that held under section 615 which was held before the amendment of section 615.1 was passed. The 30-day period for appeal from that order of March 3, 1939, could not be extended by applications to rehear it. It is well settled that efforts at rehearings do not extend

the appellate period fixed by statute: cf. *Henry's Estate,* 290 Pa. 537, 139 A. 198; *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 142, 104 A. 863; section 3 of the Act of May 9, 1889, P. L. 158, 12 PS section 1163, limiting appeals to the time fixed by statute.

We may add that an applicant whose privilege has been suspended is not without remedy. He may proceed under sections 615.1 and 616 (sections 9 and 10 of the amendment of 1939, P. L. 1135) and have a hearing before the Secretary with the right to appeal if aggrieved.

The order appealed from is reversed; costs to be paid by the appellee.