Fenerty Disbarment Case.

Submitted April 18, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

reargument refused May 26, 1947.

*William S. Fenerty,* in propria persona.

*Stanley L. Thornton,* for appellee.

OPINION BY MR. JUSTICE LINN, May 7, 1947:

This appeal from an order of disbarment was submitted without oral argument. The Act of April 14, 1834, P. L. 333, section 74, 17 PS 1662, provides: "If any such attorney shall retain money belonging to his client, after demand made by the client for the payment thereof, it shall be the duty of the court to cause the name of such attorney to be stricken from the record of attorneys, and to prevent him from prosecuting longer in the said court."

The appellant has been found guilty of two violations of the statute. It appears that in one case, while acting as attorney for David Duffin, and in the other, while acting as attorney for Eastern Pennsylvania Building & Loan Association, he received money belonging to his clients and retained it after demand. It is true that in the case of the Building Association he ultimately made restitution, but not until after he had used the money as his own and after he should have paid it to his client.

The breaches of professional duty were called to the attention of the Committee of Censors of the Philadelphia Bar Association which, after hearing, made them the basis of appropriate application to the court below for action pursuant to Rule 215 of the rules of the common pleas of Philadelphia. The court received the testimony taken before the Committee of Censors together with its findings of fact and also heard witnesses. The

appellant participated [1] in the hearings and testified. The court, in an opinion written by Judge FLOOD, on behalf of himself and his colleagues, President Judge McDEVITT and Judge SLOANE, considered the evidence at length and on March 30, 1946, made a final order disbarring the appellant. We attach no importance to appellant's complaint that during the time witnesses were testifying at the hearing in court President Judge McDEVITT was actually engaged in another court room. The defendant had agreed that the President Judge should read the evidence of the witnesses and participate in the decision just as all the judges had to read the testimony taken by the Bar Association: compare *Montgomery County Bar Ass'n v. Rinalducci*, 329 Pa. 296, 301, 197 A. 924; *Wolfe's Disbarment*, 288 Pa. 331, 333, 135 A. 732. The opinion, written in support of the order of disbarment fully vindicates the conclusion of the court. If the matter were properly before us for review we should be required to affirm the order.

Instead of affirming the order as we should have done if the appeal had been in time, we must quash the appeal because it was not perfected in time. While the Bar Association did not move to quash, the defect in the proceeding is one that this court must notice. Appellant had three months from the date of the decree, March 1946, and received the writ of certiorari directed to the court below to certify the record to this court. That was only one step in the process. To perfect his appeal it was his duty to file that writ within a reasonable time after June first. He did not file it until October 22, 1946, nearly seven months after the decree appealed from. There is in the record a stipulation signed by the appellant and by the Chairman of the Committee of

---

[1] He appeared at the meetings of the Committee of Censors of the Philadelphia Bar Association, cross-examined witnesses and also testified. He also appeared at the hearings in court, cross-examined witnesses and testified.

Censors of the Philadelphia Bar Association [2] in which they agree that the certiorari may be filed in the court below nunc pro tunc as of August 6, 1946. The Act of March 12, 1925, P. L. 32, 12 PS 1136, provides that "No appeal shall be allowed in any case . . . unless taken within three calendar months from the entry of the order, judgment, or decree appealed from . . ." Section 2 of the Act of May 19, 1897, P. L. 67, 12 PS 1134, provides: "When an appeal has been entered the prothonotary of the appellate court shall issue a writ, in the nature of a writ of certiorari, directed to the court from which the appeal is taken, requiring said court to send to the appellate court for review the record . . . and no appeal shall be considered perfected until such writ be filed in the court below." The agreement of counsel, even though approved by the court below, cannot repeal the statute nor revive a dead writ.

In *Donley v. Semans*, 260 Pa. 88, 103 A. 537, we considered the statute. Then the appeal period was six months. The decree of which the appellant complained was entered July 31, 1916; the writ of certiorari which issued January 30, 1917, was not filed until August 16, 1917, more than a year after the decree. The appeal was

---

[2] "And now, to wit, this 22nd day of October, 1946, it is agreed by and between William S. Fenerty, the appellant, and Stanley L. Thornton, Esquire, counsel for appellee, that, subject to the approval of the Court, the Certiorari, issued by the Supreme Court of Pennsylvania to the Court of Common Pleas No. 6 for the County of Philadelphia, in the above proceedings, to wit, No. 166, of January Term, 1946, be entered by the Prothonotary upon the Docket of the Courts of Common Pleas of Philadelphia County, Nunc Pro Tunc as of August 6, 1946.

    (Sgd.)  WILLIAM S. FENERTY,
    (Sgd.)  STANLEY L. THORNTON,
                    Counsel for Appellee.
              Chairman, Committee of Censors.

    "And now, to wit, this 22 day of October, 1946, the above Stipulation is hereby approved.

    (Sgd.)  FLOOD, J."

quashed because not perfected within a reasonable time. We said, "The practice of retaining such writs in possession of appellant or his attorney for an indefinite period or until made necessary by the lapse of time within which the record must be sent to the appellate court, is not to be commended, and while the Act of 1897 does not expressly require the perfecting of the appeal within the six months' period, it does contemplate, and the interest of justice and the rights of litigants will be best served by holding, that this should be done with reasonable promptness and diligence." In *Real Estate & Mortgage Co. v. Duquesne Light Co.*, 99 Pa. Superior Ct. 222, judgment was entered on April 26, 1929. The appeal was taken and the certiorari issued on July 24, 1929, within two days of the expiration of the time allowed. Meanwhile, instead of filing the writ in the court below, the appellant held it and filed a petition for reargument. The judgment had not been opened. Time was consumed in taking depositions with the result that the application for reargument was not disposed of until September 20, 1929. After the petition for reargument was dismissed, appellant filed the certiorari in the court below to perfect the appeal. The court decided that the certiorari had been held an unreasonable time and that the appeal was not perfected and must be quashed. It may be noted, in view of what shall be said later, that the proceeding for reargument did not, of itself, extend the time for taking and perfecting the appeal from the judgment. In *Dziengielewski v. Dickson City School District*, 314 Pa. 24, 170 A. 268, it appeared that judgment was entered June 28, 1933, and that an appeal was taken September 16, 1933 (within the three-month period) but the writ of certiorari was not filed until November 25, 1933. It was held that the appeal was not perfected within a reasonable time after the expiration of the three months. See also *Polakoff v. Marchand College, etc.*, 287 Pa. 28, 134 A. 529; *Schmehl v. Mellinger*, 325 Pa. 487, 489, 191 A. 62.

Appellant did not extend the time for perfecting his appeal by filing petitions after the final decree was entered, for on none of those petitions did the court grant a stay of proceedings: compare *Woodward & Williamson's Assessment,* 274 Pa. 567, 569, 118 A. 552; *Chester Sch. District v. Richardson & Luce, Inc.,* 320 Pa. 438, 182 A. 500. On April 11, 1946, he filed a petition asking "that the decree entered against him in the above proceedings be set aside and the records be reopened for the following reasons." On May 16th he filed another petition of the same general character. On May 25th he filed a supplement to that petition. The court dismissed these petitions. On August 5th he filed what he called "An affidavit in re new matter and rule number 215 of the courts of common pleas of Philadelphia County." The same day he also filed a petition "for exceptions nunc pro tunc." Some of these exceptions were allowed by the court on October 11, 1946.

It is settled that a party cannot extend the time fixed by the statute for appeals, after judgment or decree, unless the court suspends execution by opening the judgment or decree or otherwise stays proceedings: cf. *Commonwealth v. Irwin,* 345 Pa. 504, 509, 29 A. 2d 68; *Seem's Estate,* 341 Pa. 198, 19 A. 2d 60; *Henry's Estate,* 290 Pa. 537, 139 A. 198, and cases cited at page 539; *Real Estate & Mortgage Co. v. Duquesne Light Co.,* 99 Pa. Superior Ct. 222; *Core's Estate,* 113 Pa. Superior Ct. 388, 390, 174 A. 9; *Bobbitt's Estate,* 131 Pa. Superior Ct. 386, 200 A. 279.

The decree in this case was not opened or set aside for further proceedings; time was running. The three months' period ended June 30; the writ of certiorari was not filed until nearly four months after that; it was too late.

Appeal quashed.

Mr. Justice ALLEN M. STEARNE took no part in the decision of this case.