## Commonwealth *v.* Mackley, Appellant.

Argued March 19, 1954. Before HIRT, ROSS, WRIGHT and ERVIN, JJ.

*Lemuel B. Schofield,* with him *Thomas M. Schubert, John S. Reynolds* and *David Kanner,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY HIRT, J., April 15, 1954:

Defendant, on November 25, 1953, was convicted on two bills of indictment charging him with being "concerned in the managing, conducting or carrying on" a lottery. On the same day, sentence on one of the convictions was suspended but was imposed on the other for a term of imprisonment of "not less than 3 Months nor more than 23 Months at separate and solitary confinement in the Philadelphia County Prison". Some time later the sentencing judge recalled that the maximum term of imprisonment for conviction of the lottery charge is one year. Accordingly, on January 19, 1954 after term time, he corrected the sentence "to read not less than three (3) Months nor more than One (1) year in the Phila. County Prison." Although the defendant was convicted and originally sentenced on November 25, 1953, he did not take an appeal to this court until January 21, 1954.

We agree with the lower court that the evidence in this record is entirely sufficient to sustain the conviction but we need not discuss the case on the merits, for we are convinced that appellee's motion to quash the appeal must be granted for the reason that defendant's appeal was not taken within 45 days from the date of the original judgment and sentence. The Act of May 19, 1897, P. L. 67, §4, 12 PS §1136, provides: "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order." When an appeal is not taken in the time allowed by law, there is no room for the exercise of discretion on our part. We are obliged to quash the appeal. *Fenerty Disbarment Case,* 356 Pa. 614, 52 A. 2d 576; *Commonwealth v. Irwin,* 345 Pa. 504, 29 A. 2d 68.

In general a court is without power either to increase or reduce the punishment imposed, after the term in which one convicted of crime has been sentenced. In *Commonwealth v. Mayloy,* 57 Pa. 291, it is said: "Courts are founded on express authority; and their duty is to hear and determine according to law" and "there is no case which shows that an inherent power has grown up in the courts to interfere with criminal sentences after the term when the record has ceased to be in the breast of the court [*in gremio legis*], and has become a solemn matter on record." And quoting the language of *Mathers's Executor v. Patterson* in 33 Pa. 485, it was said in the *Mayloy* case: "'There must be a time . . . when the power of a court to open its judgments, obtained adversely, ceases'", for otherwise there could be no certainty that any judgment was final. We discussed these settled principles and referred to the authorities in a number of cases, among them, *Commonwealth v. Harrison,* 142 Pa. Superior Ct. 453, 16

A. 2d 665; *Commonwealth v. Downer*, 161 Pa. Superior Ct. 339, 53 A. 2d 897.

The correction of a sentence after term time to comply with the law is no more than a seeming exception to the rule. Statutes imposing penalties for crimes are to be strictly observed. A sentence may be void if there is no authority in the court to impose it, but it is voidable if merely in excess of the lawful term of imprisonment prescribed for the offense. *Halderman's Case*, 53 Pa. Superior Ct. 554; *Halderman's Petition*, 276 Pa. 1, 119 A. 735. Accordingly a sentence which is voidable, because excessive, may be amended at any time to conform with the law. Such amendment relates solely to the penalty to be suffered for the offense, without affecting the judgment of the guilt of the defendant based upon his conviction of the crime. The amendment of a sentence which is voidable merely does not create a new judgment although the amended sentence is subject to review; it merely modifies the old, by correcting it to conform with the law.

This principle has had frequent application in habeas corpus proceedings brought by prisoners in penal institutions seeking their discharge. In instances where the sentence is voidable merely because excessive, we, as well as the Supreme Court, have either remanded the prisoner for resentence according to law or have directed the necessary change to be made. In some instances the prisoner has been resentenced a matter of years after his original sentence. It is uniformly held that the correction of a sentence, in a habeas corpus proceeding, does not open the judgment generally nor operate as an appeal, raising for review alleged trial errors or irregularities. Cf. *Halderman's Petition*, supra; *Commonwealth v. Curry*, 285 Pa. 289, 132 A. 370.

The appeal in this case was taken too late.

Appeal quashed.