Commonwealth *v.* Mackley, Appellant.

Argued November 8, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Thomas M. Schubert,* with him *Lemuel B. Schofield* and *David Kanner,* for appellant.

*Samuel Dash,* First Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, January 3, 1955:

The question here presented is: Does the 45-day period allowed for an appeal from a sentence imposed by a court of quarter sessions begin to run anew if the court corrects an excessive sentence after term time?

Appellant-defendant was convicted on November 25, 1953 on two bills of indictment charging him with being concerned in the managing, conducting or carrying on of a lottery in violation of the Act of June 24, 1939, P. L. 872, §601, 18 PS §4601. Following argument on motions for a new trial and in arrest of judgment which were denied, the trial judge on the same day, November 25, 1953, suspended sentence on one of the convictions and imposed a sentence on the other for a term of imprisonment of ". . . not less than 3 Months nor more than 23 Months at separate and solitary confinement in the Philadelphia County Prison.". Later, after the 45-day limitation for taking an appeal had expired, defendant's counsel called to the attention of the sentencing judge that the sentence imposed exceeded the maximum of twelve months authorized by the Lottery Statute of 1939, supra, and on January 19, 1954, after term time, the trial judge corrected the sentence to read: ". . . not less than 3 Months nor more than One (1) Year in Phila. County Prison.". On January 21, 1954 defendant took an appeal to the Superior Court in which it was contended that the evidence was insufficient to support his conviction. The

Superior Court quashed the appeal as not taken in time. We allowed an appeal to this Court because the precise question involved apparently has not heretofore been presented to an appellate court and the matter is one of State-wide importance in criminal procedure.

Judge HIRT, speaking for the Superior Court, said: "We agree with the lower court that the evidence in this record is entirely sufficient to sustain the conviction but we need not discuss the case on the merits, for we are convinced that appellee's motion to quash the appeal must be granted for the reason that defendant's appeal was not taken within 45 days from the date of the original judgment and sentence. The Act of May 19, 1897, P. L. 67, §4, 12 PS §1136, provides: 'No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order'. When an appeal is not taken in the time allowed by law, there is no room for the exercise of discretion on our part. We are obliged to quash the appeal. Fenerty Disbarment Case, 356 Pa. 614, 52 A. 2d 576; Commonwealth v. Irwin, 345 Pa. 504, 29 A. 2d 68.".

Appellant's able counsel argues that since judgment in a criminal case is the sentence and not the conviction, the appeal was timely because the corrected sentence must be regarded as the final judgment, supplanting for appeal purposes the original judgment of sentence which was illegally imposed and therefore a nullity. It is true and well settled that the judgment in a criminal case is the sentence. See Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 82 A. 2d 244. However, the conviction determines the defendant's guilt and is the basic justification for the imposition of sen-

tence. If the penalty inflicted is in excess of that prescribed by law, the sentence is voidable in this respect, but it remains determinative of the defendant's guilt as the result of his conviction. Appellant points to a number of Superior Court cases where, in reversing the lower court because of excessive sentences imposed, the Superior Court has remanded for "resentence" or for sentencing "anew". Despite the nomenclature used or phraseology employed, orders made in these appeals were patently directed to the correction of the illegal penalty inflicted and did not contemplate a new but an amended judgment of sentence. The original judgments were not directed to be opened, for in general a trial court is without power to open the judgment and increase or reduce the punishment inflicted after the term in which one convicted of crime has been sentenced: *Commonwealth ex rel. Holly v. Ashe,* supra, and cases cited therein. There is an essential difference, however, between affecting a judgment by increasing or decreasing the punishment within legal limitations, and correcting the sentence of one imprisoned for a greater term than warranted by law. In the latter case there is merely a modification of the judgment to make the penalty conform with the legal maximum. There is no vacation of the judgment.

The cases cited by appellant must be considered as accomplishing an amendment to the original sentence to make it conform with the maximum penalty prescribed without affecting the basic judgment of guilt. As stated by Judge HIRT: ". . . The amendment of a sentence which is voidable merely [because of the imposition of an excessive penalty] does not create a new judgment although the amended sentence is subject to review; it merely modifies the old, by correcting it to conform with the law.". This statement is in accord with the reasoning of the Superior Court in *Common-*

*wealth v. Harrison,* 142 Pa. Superior Ct. 453, 16 A. 2d 665; *Commonwealth ex rel. Monaghan v. Burke,* 169 Pa. Superior Ct. 256, 82 A. 2d 337; *Commonwealth ex rel. Winkler v. Claudy,* 174 Pa. Superior Ct. 239, 101 A. 2d 430, and of our Court in *Halderman's Petition,* 276 Pa. 1, 119 A. 735. The import of all of these cases is that the original judgment of sentence is not void but voidable only. In the *Halderman* case where the defendant sought his discharge on the ground that the sentence passed was illegal, this Court said: ". . . If the court was without warrant to impose any punishment, then the prayer could be properly granted; otherwise, it is merely voidable and may be corrected.". And the order made was that the original sentence be amended as of the date of its imposition, by changing the maximum term to that prescribed by the statute. A judgment which is voidable merely is not a nullity. Until superseded, reversed or vacated, it is good in law and has all the ordinary attributes and consequences of a valid judgment. See 31 Am. Jur., Judgments, §429.

The right to appeal in the present case became fixed once the power to sentence had been exercised. It was not intended by the Act of 1897, supra, to afford a party aggrieved by a judgment which at most is only erroneous as to penalty inflicted and not void, a second opportunity to obtain a reversal of a conviction. The original sentence was a final adjudication of guilt and the defendant may not have opened and reviewed matters conclusively determined against him by his failure to appeal within the prescribed period. We have ruled in a number of cases that proceedings subsequent to a final judgment cannot prolong the mandatory period for taking an appeal unless the court opens the judgment or otherwise stays the proceedings. See *Smith v. Jones,* 369 Pa. 13, 85 A. 2d 23; *Hanna*

*Estate,* 367 Pa. 337, 80 A. 2d 740; *Fenerty Disbarment Case,* 356 Pa. 614, 52 A. 2d 576.

In habeas corpus proceedings where prisoners in penal institutions have sought their discharge long after excessive sentences were illegally imposed, both the Superior and this Court have remanded the prisoners for resentence in conformity with the law or have directed the necessary change to be made, but at the same time have held that the habeas corpus proceeding does not open the judgment generally nor operate as an appeal raising trial errors for review. Any other conclusion would lead to appeal time being revived many years after conviction and sentence, a consequence obviously not within the legislative intent.

Appellant has suffered no injustice. His attempted appeal is from the merits of his conviction and thus stems from the judgment of sentence imposed following such conviction. He had the 45-day period prescribed by law to appeal from any trial errors complained of, and as well from the excessive penalty imposed. The latter has been corrected as it always will be in a proper case, despite the expiration of term time, for the law will not sanction anything so inhumane as excessive incarceration. On the other hand, the due administration of justice would be thwarted if the propriety of a conviction could be challenged at any time in the future when records may be unavailable and witnesses gone. There must be a time when a conviction of crime becomes no longer open to question.

The order of the Superior Court quashing the appeal is affirmed.