Commonwealth ex rel. Nicosia, Appellant, *v.* Nicosia.

Argued October 8, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*J. J. Kilimnik,* for appellant.

*William A. Robbins,* for appellee.

OPINION BY WRIGHT, J., November 12, 1957:

On May 6, 1957, pursuant to a petition for reduction, the Municipal Court of Philadelphia County entered an order fixing the amount of support for a wife and one child at $25.00 per week. On August 6, 1957, the wife filed an appeal to this Court. Section 4 of the Act of May 19, 1897, P. L. 67, as amended, 12 P.S. 1136, provides in pertinent part: "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order". This statute is applicable to a support proceeding instituted in the Municipal Court of Philadelphia County, inasmuch as that court is a substitute in support cases for the court of quarter sessions: *Commonwealth ex rel. Bundy v. Bundy,* 159 Pa. Superior Ct. 153, 47 A. 2d 537; *Commonwealth ex rel. Arbitman v. Arbitman,* 161 Pa. Superior Ct. 529, 55 A. 2d 586; *Commonwealth ex rel. DeShields v. DeShields,* 173 Pa. Superior Ct. 233, 98 A. 2d 390. Its provisions are mandatory and binding whether or not the opposite party moves to quash: *City of Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 4 A. 2d 224. We must notice the defect, *Fenerty Disbarment Case,* 356 Pa. 614, 52 A. 2d 576, and there is no room for the exercise of discretion on our part: *Commonwealth v. Mackley,* 175 Pa. Superior Ct. 304, 104 A. 2d 169. This appeal must therefore be quashed.

We are impelled to add that we have carefully read the voluminous original record in this case. Prior to the order of reduction, there were eight separate hearings during a period of over two years. Judge MILLEN was consistently patient and fair, indeed indulgent and long-suffering. We are entirely satisfied that the contentions which counsel for appellant endeavors to advance on this appeal were disposed of properly in the

opinion of the lower court. In a support proceeding, the appellate court will not interfere with the determination of the court below unless there has been a clear abuse of discretion: *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886.

The appeal is quashed.