Opinion by
 

 Weight, J.,
 

 Joseph G. Dallas has appealed from an order of the Court of Common Pleas of Allegheny County discharg
 
 *488
 
 ing a rule to open:-a ..default judgment in an action to quiet title. See Pa. R. C. P. No. 1081 et seq. As will appear from a recital of the procedural situation, the appeal must be quashed.
 

 On May 3, I960, James P. Ifft, Jr., instituted an action to quiet title against David Hunter, his heirs and assigns. The complaint alleged that, prior to 1900, Hunter became seized of four ■ lots in Wilkens Township, that Hunter’s whereabouts were unknown, that Andrew Clark and his wife had secured title to the lots by adverse possession, and that the Clark title had been conveyed to Ifft by deed dated October 7, 1952. The complaint was accompanied by an affidavit under Pa. R. C. P. No. 1064(b)-, upon the basis of which the court below granted leave to make service by publication. On May 27, 1960, proof of publication was filed, together with an affidavit under-Pa.' R. C. P. No. 1066. The court thereupon entered a decree requiring the defendants to bring an action of ejectment within thirty days or be forever barred from • asserting title in the lots. On June 29, I960, final judgrhent was entered.
 

 The present proceeding had its inception on September 6, 1962, when appellant petitioned for a rule to open the judgment. His petition alleged that he had discovered án heir of David Hunter, and had purchased the heir’s purported title by deed dated November 7, 1961. Appellant’s petition further alleged that the Clarks "were tenants - and not adverse possessors. Ifft filed an answer denying the material averments in appellant’s petition, and raising under new matter the defenses of laches and estoppel. No depositions were taken. On October 30, 1962, following argument before the court en banc, _ the rule was discharged. On November 30, 1962, upon appellant’s petition, one of the members of the court,-en banc ordered “that this matter be reargued and be placed on the next general argument list”. ■ No stay of proceedings was granted.
 
 *489
 
 On June 6, 1963, the order was entered from which this appeal has been taken.
 

 Section 4 of the Act of May 19, 1897, P. L. 67, as amended, 12 P.S. 1136, provides that no appeal shall be allowed from an order of any court of common pleas unless taken within three calendar months from the entry thereof. The provisions of appeal statutes are mandatory and binding whether or not the opposite party moves to quash:
 
 Commonwealth ex rel. Nicosia v. Nicosia,
 
 184 Pa. Superior Ct. 440, 136 A. 2d 135. As pointed out in the
 
 Nicosia
 
 case, we must take notice of the defect and there is no room for the exercise of discretion on our part. Appellant’s appeal to this court was not taken until June 25, 1963. While this was timely so far as the order of June 6, 1963 is concerned, it was more than three calendar months after October 30, 1962. A petition for reargument and proceedings thereunder do not operate to arrest the running of tlie time limit for appeal unless a stay of proceedings is granted:
 
 Smith v. Jones,
 
 369 Pa. 13, 85 A. 2d 23. It becomes unnecessary to discuss appellee’s contention that appellant is without standing to prosecute this appeal because he did not petition for leave to intervene.
 

 We are impelled to add, so far as the merits are concerned, that this matter was heard on petition and answer. The responsive averments pleaded in the answer must therefore be taken as true:
 
 Jordan’s Petition,
 
 331 Pa. 270, 1 A. 2d 152;
 
 Rose v. Cohen,
 
 193 Pa. Superior Ct. 454, 165 A. 2d 264. A petition to open a judgment is essentially an equitable proceeding and is addressed to the sound discretion of the court below:
 
 Ehnes v. Wagner,
 
 388 Pa. 102, 130 A. 2d 171;
 
 Stein v. Greene,
 
 178 Pa. Superior Ct. 464, 116 A. 2d 308. Our review of this record discloses no abuse of discretion in the instant case.
 

 The appeal is quashed.