Commonwealth *v.* Simon, Appellant.

Argued January 17, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

Malcolm W. Berkowitz, for appellant.

Charles Jay Bogdanoff, Assistant District Attorney, with him Burton Satzberg and Arlen Specter, Assistant District Attorneys, F. Emmett Fitzpatrick, Jr., First Assistant District Attorney, and James C. Crumlish, Jr., District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 20, 1964:

Thelma Simon was indicted and tried for murder of her husband, James C. Simon. On March 1, 1962, the jury returned a verdict of guilty of murder in the first degree and after further deliberation fixed the penalty at life imprisonment. Thereafter, motions for a new trial and arrest of judgment were filed. The lower Court deferred sentencing defendant-appellant until these motions were decided.

On June 26, 1963, the lower Court denied these motions and sentenced defendant to the Women's State Correctional Institution at Muncy, Pennsylvania, for the term of her natural life. On August 16, 1963, fifty-one days after the judgment of sentence, appellant's counsel filed an appeal in this Court. The Commonwealth-Appellee filed a petition to dismiss the appeal because it was not taken within 45 days from the imposition of the sentence. The Act of May 19, 1897, P. L. 67, §4, as amended, 12 P.S. §1136, pertinently provides: ". . . No appeal shall be allowed, in any case,

from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order .... Appeals taken after the times herein provided for shall be quashed on motion . . . ." Since this appeal was taken more than 45 days from the entry of sentence, the Commonwealth's motion to quash must be granted. *Commonwealth v. Mackley,* 380 Pa. 70, 73, 110 A. 2d 172; *Commonwealth v. Mackley,* 175 Pa. Superior Ct. 304, 306, 104 A. 2d 169; *Commonwealth v. Monaghan,* 162 Pa. Superior Ct. 530, 58 A. 2d 486. Cf. *Commonwealth v. Le Grand,* 336 Pa. 511, 9 A. 2d 896; *Fenerty Disbarment Case,* 356 Pa. 614, 619, 52 A. 2d 576; *Nixon v. Nixon,* 329 Pa. 256, 260, 198 A. 154.

In *Commonwealth v. Mackley,* 380 Pa., supra, the Court said (page 73) : "Judge Hirt, speaking for the Superior Court, said: 'We agree with the lower court that the evidence in this record is entirely sufficient to sustain the conviction but we need not discuss the case on the merits, for we are convinced that appellee's motion to quash the appeal must be granted for the reason that defendant's appeal was not taken within 45 days from the date of the original judgment and sentence. The Act of May 19, 1897, P. L. 67, §4, 12 PS §1136, provides: "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions or oyer and terminer, unless taken within forty-five days from the entry of the sentence or order". When an appeal is not taken in the time allowed by law, there is no room for the exercise of discretion on our part. We are obliged to quash the appeal. Fenerty Disbarment Case, 356 Pa. 614, 52 A. 2d 576; Commonwealth v. Irwin, 345 Pa. 504, 29 A. 2d 68.'."

Appeal quashed without prejudice to the right of Thelma Simon to file in the appropriate lower Court a petition for a writ of habeas corpus.