Department of Transportation *v.* Brougher.

Argued December 8, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., and KRAMER, sitting as a panel of three. Reargued April 6, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Arthur D. Weeks,* with him *John A. Bracher,* for appellant.

*Jerry R. Richwine,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 8, 1972:

On June 14, 1968, W. Dale Brougher (appellant) was arrested by the Pennsylvania State Police for a

speeding violation while operating his motor vehicle on Interstate 83. A hearing was held on July 17, 1968, before Justice of the Peace Ray E. Ness, at which time appellant was found guilty of a Vehicle Code violation. Appellant had been charged with and was found guilty of violating Section 1002(b)(9) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(9).[1]

An appeal was taken to the Court of Quarter Sessions of York County, and a trial thereon was held March 19, 1969. Appellant was found guilty of the aforementioned charge. Certification of conviction was forwarded by the Clerk of Courts of York County to the Secretary of Revenue as provided for in Section 619.1(b) of The Vehicle Code, 75 P.S. §619.1(b).[2]

Appellant was duly notified on October 1, 1969, that his license would be suspended as of October 16, 1969, for a period of sixty (60) days. This suspension was ordered as a penalty under the finding of the Secretary of Revenue that appellant exceeded the legal speed limit by thirty-six (36) miles per hour. Appellant filed an appeal of this suspension order to the Court of Common Pleas of York County. A hearing was held on

---

[1] §1002(b)(9) "Subject to the provisions of subsection (c) of this section, the Secretary of Highways may, after due investigation, establish certain speed zones with a sixty (60) mile an hour speed limit on State highways outside of business and residence districts, where traffic conditions and other conditions of the highway make it safe to operate motor vehicles at the maximum speed provided by this clause.

[2] §619.1(b) "The secretary shall maintain a record of convictions of every person licensed under the provisions of section 601 of this act, and shall enter therein records of all convictions of such persons for any violation of the motor vehicle laws of this Commonwealth and shall assign to the record of such person as of the date of conviction of the offense, a number of points for each such conviction in accordance with the following schedule of convictions and points. . . ."

May 19, 1971, and the action of the Secretary of Revenue was sustained by order dated May 19, 1971, and entered May 25, 1971. It is on appeal from this order that appellant comes before our Court. However, appellant did not file his appeal to this Court until August 10, 1971. Section 502(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, No. 223, Art. V, §502, 17 P.S. §211-502(a) provides that an appeal under that Act from any order shall be filed within thirty days of its entry. Appellant's appeal was filed 77 days from the entry of the order from which he appeals.

This case was argued before a panel of judges on December 8, 1971, and at this Court's direction was reargued before the court en banc on April 6, 1972. On March 22, 1972, following the listing of the case for reargument, the appellee filed a motion to quash the appeal as not being timely filed.

The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A. 2d 203 (1965).

In *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. at 367-68, the Supreme Court wrote:

"We first consider the effect of the Commonwealth's delay in raising the issue of timeliness of the appeal, since, if the Commonwealth is barred from raising that issue, this Court may then proceed directly to the merits.

 . . . .

"[F]ailure to take an appeal within the time allowed by statute is a defect which may not be disregarded and which may be raised by the court sua sponte. [Citations omitted.]

"It is settled that the parties may not stipulate appellate jurisdiction in disregard of statutory proce-

dures. Cf. Foley Bros., Inc. v. Commonwealth, 400 Pa. 584, 163 A. 2d 80 (1960). Nor may jurisdiction be conferred through the approval of such agreements by the court. Fenerty Disbarment Case, 356 Pa. 614, 52 A. 2d 576, cert. denied, 332 U.S. 773, 68 S. Ct. 89 (1947).

"It is therefore evident that whatever force the doctrine of laches may have in another context, it is not here relevant. The filing of a timely appeal being a jurisdictional requirement, see Fenerty Disbarment Case, 356 Pa. 614, 52 A. 2d 576 (1947) ; Yeager v. United Natural Gas Co., 197 Pa. Superior Ct. 25, 176 A. 2d 455 (1961) ; Von Kaenel Unemployment Compensation Case, 163 Pa. Superior Ct. 173, 60 A. 2d 586 (1948), the delay of the Commonwealth in raising the issue is of no consequence. Mere delay of one of the parties cannot be said to extend the jurisdiction of the Commonwealth Court to hear appeals beyond the period allowed by statute."

Motion to quash the appeal is granted and the appeal of W. Dale Brougher is quashed.