Miller Appeal.

Argued November 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Marquis M. Smith*, with him *Joseph M. Loughran*, for appellant.

*Carroll Caruthers*, with him *Harold R. Bair*, for appellees.

OPINION PER CURIAM, December 9, 1958:

This is an appeal from the order of the Court of Common Pleas of Westmoreland County quashing the appeal of Chester A. Miller from the report of the auditors of Allegheny Township, Westmoreland County. From that order Chester A. Miller has appealed to this Court. Appellees have filed a motion to quash because the appeal to this Court was not perfected in time; appellant filed an answer. We directed argument on the motion to quash and answer thereto.

Section 2 of the Act of May 19, 1897, P. L. 67, 12 PS §1134, provides: "When an appeal has been entered the prothonotary of the appellate court shall issue a writ, in the nature of a writ of certiorari, directed to the court from which the appeal is taken, requiring said court to send to the appellate court for review the record in the cause or matter wherein is entered the sentence, order, judgment or decree appealed from on or before the Saturday prior to the first day of the week fixed by the appellate court for the argument of said appeal, and no appeal shall be considered perfected until such writ be filed in the court below."

Section 4 of the Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136, provides: "No appeal shall be allowed in any case from an order, judgment, or decree of any court of common pleas or orphans' court, unless taken within three calendar months from the entry of the order, judgment, or decree appealed from, . . ."

The order of the court below from which the appeal has been taken was entered on February 19, 1958. The appeal was taken to this Court on May 5, 1958. The writ of certiorari was not filed in the court below until October 9, 1958, nearly eight months after the order of that court was entered. It was incumbent upon appellant to perfect his appeal by filing the

writ of certiorari within a reasonable time after May 5, 1958, the date of the appeal and the issuance of the writ of certiorari. The writ not having been lodged in the court below until October 9, 1958, the delay was unreasonable. *Fenerty Disbarment Case,* 356 Pa. 614, 616, 617, 52 A. 2d 576.

The appeal is quashed.