Supervisors of Peters Township, Washington County, Pennsylvania, and Township of Peters, Appellants, and George Aiken, et al., Intervenors, *v.* Providence Square Associates, a Limited Partnership, Appellee.

Argued June 5, 1973, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Roy F. Walters, Jr.,* with him *Brandt, McManus, Brandt & Malone,* for appellants.

*Frederick A. Boehm,* for intervenors.

*Milton D. Rosenberg,* with him *W. Bryan Pizzi, II,* and *Bloom, Bloom, Rosenberg & Bloom,* for appellee.

OPINION BY JUDGE MENCER, July 19, 1973:

The Supervisors of Peters Township, Washington County, the Township of Peters, and several intervening property owners in the Township of Peters have appealed to this Court from the order of the Court of Common Pleas of Washington County which held Ordinance No. 97 enacted by the Township of Peters invalid. Providence Square Associates, which had challenged the validity of Ordinance 97 in the court below, has filed a motion to quash, asserting that the appeal to this Court was not perfected in time. We directed argument on the motion to quash.

Section 2 of the Act of May 19, 1897, P. L. 67, 12 P.S. §1134, provides in part: "When an appeal has been entered the prothonotary of the appellate court shall issue a writ, in the nature of a writ of certiorari, directed to the court from which the appeal is taken, requiring said court to send to the appellate court for review the record in the cause of matter wherein is entered the sentence, order, judgment or decree appealed from on or before the Saturday prior to the first day of the week fixed by the appellate court for the argument of said appeal, and no appeal shall be considered perfected until such writ be filed in the court below."

The order of the court below from which this appeal has been taken was entered on August 9, 1972. The appeal was taken to this Court on August 24, 1972. The writ of certiorari was not filed in the lower court until January 30, 1973. Under such circumstances, this appeal must be quashed. *Fortieth Street and Fair-*

*mount Avenue Church of God v. Hawes,* 437 Pa. 407, 263 A. 2d 344 (1970).

An appeal must be perfected within a reasonable time. *Matthews Estate,* 431 Pa. 616, 246 A. 2d 412 (1968). The actual task of filing the writ of certiorari with the prothonotary of the lower court falls upon the party taking the appeal. *Hodge v. Me-Bee Co., Inc.,* 429 Pa. 585, 240 A. 2d 818 (1968). The Act of May 19, 1897, P. L. 67, §2, 12 P.S. §1134, specifically provides that, until the writ of certiorari is filed with the court below, the appeal shall not be considered perfected.

Here a period of more than five months elapsed between the date on which the appeal was taken, August 24, 1972, and the date on which the appeal was perfected, January 30, 1973. Such delay is too long to be held reasonable. *See Fenerty Disbarment Case,* 356 Pa. 614, 52 A. 2d 576 (1947), *cert. denied,* 332 U.S. 773, 68 S. Ct. 89 (1947) (delay of less than four months held unreasonable); *Dziengielewski v. Dickson City School District,* 314 Pa. 24, 170 A. 268 (1934) (delay of two months held unreasonable; *Miller Appeal,* 188 Pa. Superior Ct. 198, 146 A. 2d 343 (1958) (delay of less than five months held unreasonable).

We conclude, upon consideration of the above authorities, that the instant appeal was not perfected within a reasonable time.

The appeal is quashed.