IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,             :
                                     :
                 Appellant   :
                                       :
             v.                    : No. 960 C.D. 2022
                                       : Submitted: June 5, 2023
City of Reading Police      :
Pennsylvania Department   :
of Transportation         :

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                                                  FILED: June 26, 2023

Gilbert M. Martinez (Martinez) appeals, *pro se*, the order of the Berks County Court of Common Pleas (trial court) dismissing his Action for Declaratory Judgment (Action), and Motion for Preliminary Injunction (Motion), filed against the Pennsylvania Department of Transportation (DOT) and the City of Reading Police Department (Reading Police) pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 240(j)(1).[1] We affirm.

---

[1] Pa.R.Civ.P. 240(j)(1) states, in pertinent part: "If, simultaneous with the commencement of an action or proceeding . . . , a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action [or] proceeding . . . if it is satisfied that the action [or] proceeding . . . is frivolous." As this Court has observed: "A frivolous action has been defined as one that 'lacks an arguable basis in law or fact.' Note to Pa. R.C[iv].P. [] 240(j) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). Stated differently, a frivolous action fails to state a valid cause of action on its face. *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997)." *Laramy v. Garman* (Pa. Cmwlth., No. 928 C.D. 2018, filed February 12, 2020), slip op. at 4.

On July 18, 2022, Martinez filed the unverified Action, pursuant to Pa.R.Civ.P. 1601 and 1602, and the unverified Motion,[2] pursuant to Pa.R.Civ.P. 1531, in which he sought declaratory and injunctive relief against DOT and the Reading Police.[3] Along with the Action and Motion, Martinez also filed an unverified application to proceed in the matter *in forma pauperis* (Application).

---

[2] Pa.R.Civ.P. 1024(a) states, in relevant part: "Every pleading containing an averment of fact not appearing of record in the action . . . shall state that the averment . . . is true upon the signer's personal knowledge or information and belief and shall be verified." As the Pennsylvania Superior Court has observed:

> As noted in Goodrich Amram, "[t]he requirement of a verification is not waivable because without it a pleading is mere narration, and amounts to nothing." 2 Goodrich Amram 2d §1024(a):[2 (2023) (footnotes omitted)]. While our cases acknowledge that amendment should be liberally allowed to cure technical defects in a verification, *see, e.g.*, *George H. Althof, Inc. v. Spartan Inns of America, Inc.*, [441 A.2d 1236 (Pa. Super. 1982)]; *Monroe Contract Corp. v. Harrison Square, Inc.*, [405 A.2d 954 (Pa. Super. 1979)], there is no doubt but that the verification attached to the complaint in the instant case falls so far short of the statutory mandate that the verification is wholly defective and inadequate to support entry of a [] judgment against [the] appellants.

*Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340, 344 (Pa. Super. 2003). Likewise, in the instant matter, the complete lack of a verification is wholly defective and inadequate to support the entry of the requested relief against DOT and the Reading Police.

[3] In particular, in the Action, Martinez sought the following declaratory relief: (1) "[a] declaration decreeing that [he] has a common law right to travel freely for pleasure and to conduct his business in his automobile unimpeded by police and that [he] is not required in accordance with his common law right to possess a driver's license to use his property on the highway, streets, or roads, and that no registered license plate, liability insurance, or state inspection shall be required"; (2) "[a] declaration decreeing that [DOT and the Reading Police] willfully violated [his] 4th, 5th, and 14th [A]mendment right[s under] the U.S. [C]onstitution, [U.S. Const. amend. IV, V, and XIV,] as well as the [D]ue Process and [E]qual [P]rotection [C]lause[s] by unlawfully entering my automobile, unlawful[ly] us[ing] tracking devices, and vandalizing my property for no legitimate reason or lawful purpose"; (3) "[a]n award of reasonable cost[s] to repair the computers **(Footnote continued on next page…)**

On August 10, 2022, the trial court issued an order denying Martinez's *in forma pauperis* Application because: (1) the Application was not properly verified; (2) the declaratory and injunctive relief requested in the Action and Motion is in violation of the laws of this Commonwealth; and (3) the allegations in the Action and Motion do not allege causes of action because they are "vague and without the necessary detail." Trial Court 8/10/22 Order. Martinez then filed the instant timely appeal of the trial court's order.

On appeal,[4] Martinez claims that the trial court erred in dismissing the Application because: (1) Pa.R.Civ.P. 240(b) specifically provides that a party who is without the financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*; and (2) the trial court's summary dismissal of the Action and

---

and door lock[s] in my automobiles"; (4) "[a]n [a]ward of reasonable attorney fees and costs"; and (5) "[i]njuncti[ve] relief ordering [relief requested in] number (1) as demanded here until the outset of this case, and whatever relief the court deems just and proper in the interest[s] of justice." Action at 11.

In addition, in the Motion, Martinez sought the following injunctive relief:

> [Martinez] respectfully demands an injunction ORDER decreeing that [he has] a common law right to travel freely for pleasure and to conduct his business in his automobile unimpeded by the [Reading Police] and that he is not required in accordance with his common law right to possess a driver's license to use his property on the highway, streets, or roads, and that no registered license plate, liability insurance and[/]or state inspection shall be required. [Martinez] further requests an order directing the [Reading Police] to provide [him] with [its] policy manual.

Motion at 8.

[4] In reviewing a trial court's order dismissing Martinez's Application pursuant to Pa.R.Civ.P. 240(j)(1), this Court is limited to determining whether his constitutional rights were violated, and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

3

Motion without disposing of his Application demonstrates an ill will toward him thereby violating his "right to the fair, orderly, and expeditious administration of justice." Brief for Appellant at 10. However, Martinez misapprehends the manner in which the trial court was required to proceed on his Application under Pa.R.Civ.P. 240.

As the Pennsylvania Superior Court has noted:

> The purpose of granting *in forma pauperis* status to indigent litigants is to enable them to access the court system without having to pay the costs normally associated with court proceedings. As society grows more litigious and economic resources become more scarce, it is increasingly important that both litigants and courts act responsibly. An individual seeking to proceed *in forma pauperis*, thus requesting to have court costs paid for from funds provided to this Commonwealth by its taxpayers, has a responsibility to present a valid cause of action. To hold otherwise would violate [Pa.R.Civ.P.] 240(j) and would display a blatant disregard for the notion of judicial economy. Courts should not allow a litigant seeking *in forma pauperis* status to use the court's time and the taxpayer's money to support a frivolous claim.

*Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992). "In other words, an action is frivolous, and therefore subject to dismissal before the court considers the petition to proceed *in forma pauperis*, if, on its face, the action does not set forth a valid cause of action." 25A Standard Pa. Practice 2d §127:101 at 107 (2006) (footnotes omitted).

In the opinion filed in support of its order in this case, the trial court explained its rationale for dismissing the Action, Motion, and Application as follows:

> This court denied the *in forma pauperis* [Application] because the pleading was not properly

4

verified, the relief requested in the [Action and Motion are] in violation of the laws of the Commonwealth of Pennsylvania, and the allegations are so vague that they did not allege any causes of action. Due to these defects and [Martinez's] failure to state a cause of action for which relief can be granted, this court denied [his] *in forma pauperis* [Application]. [Martinez] has been the defendant in approximately fourteen different actions filed by various municipalities because he refuses to believe that laws and regulations apply equally to him as a citizen of the United States. He does not pay, *inter alia*, water bills and taxes, so municipal[] claims are filed against him. In the case *sub judice*, he is attempting to sue governmental units because they enforce laws that every citizen must obey to protect other members of our society. [Martinez] declares himself "a[n] unfranchised Common law free man" (sic) which does not have to be obligated by laws or contracts to pay for a driver's license to travel in his automobile, to be forced to register his license plate, to be forced to buy automobile insurance, and to be forced to have his vehicles undergo state inspections. He is therefore suing [DOT and the Reading Police] to obtain injunctions against them to stop them from enforcing motor vehicle laws. Since this relief is not permitted under the law, this court did not grant [him] *in forma pauperis* relief. This court determined that it could not aid [him] in pursuing a case that had no basis for relief and sought illegal remedies.

Trial Court 8/25/22 Opinion. The foregoing demonstrates that the trial court properly considered the merits of the claims presented in Martinez's Action and Motion before ruling on his Application to proceed *in forma pauperis* in accordance with the requirements of Pa.R.Civ.P. 240.

Moreover, with respect to the merit of the claims raised in Martinez's Action and Motion, article II, section 1 of the Pennsylvania Constitution declares that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly . . . ." Pa. Const. art. II, §1. In this regard, the Pennsylvania Supreme Court explicated long ago:

5

The plenary power of the Legislature over the highways of the [C]ommonwealth is of ancient standing, and seldom, if ever, has been questioned. It was said . . . in an early case: 'In England, a highway is the property of the King as *parens patriae*. * * * In Pennsylvania, it is the property of the people, not of a particular district, but of the whole state. * * * Highways, therefore, being universally the property of the state, are subject to its absolute direction and control.'

It must be treated as elementary law that public roads are laid out and opened for the use of all persons on equal terms; that is, to all who comply with the reasonable regulations of the duly constituted authorities. The right to use a public highway for travel or in the transportation of merchandise is not unrestricted. It is for the [C]ommonwealth, acting through the Legislature, to direct the conditions under which this limited right shall be exercised. It alone has the power to regulate the manner and circumstances under which automobiles may be operated upon the highways of the [C]ommonwealth. This power is vested in the Legislature, and is based, not only upon its right to control and regulate the use of the highways, but is buttressed by the inherent police power of the state.

This power of the state has been upheld by the Supreme Court of the United States. In *Kane v. New Jersey*, 242 U.S. 160, 167 [(1916)], the Supreme Court said: 'The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained.' *See Hendrick v. Maryland*, 235 U.S. 610 [(1915)]. Mr. Justice Butler said, in *Hess v. Pawloski*, 274 U.S. 352, 356 [(1927)]: 'Motor vehicles are dangerous machines, and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways.' *See also Hodge Co. v. Cincinnati*, 284 U.S. 335 [(1932)].

6

> The permission to operate a motor vehicle upon the highways of the [C]ommonwealth is not embraced within the term civil rights, nor is a license to do so a contract or a right of property in any legal or constitutional sense. Although the privilege may be a valuable one, it is no more than a permit granted by the state, its enjoyment depending upon compliance with the conditions prescribed by it, and subject always to such regulation and control as the state may see fit to impose.

*Commonwealth v. Funk*, 186 A. 65, 67-68 (Pa. 1936) (citations omitted).  Thus, "[t]he right to operate a motor vehicle on the public highway is subject to regulation under the police power and such regulations have been embodied in the Vehicle Code[, 75 Pa. C.S. §§101 - 9805]."  *Commonwealth v. Irwin*, 29 A.2d 68, 69 (Pa. 1942).

Specifically, pursuant to its clear constitutional authority, the General Assembly has enacted the following relevant provisions of the Vehicle Code:  (1) Section 1301(a), 75 Pa. C.S. §1301(a) ("No person shall drive or move and no owner . . . shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth. . . ."); (2) Section 1331(a), 75 Pa. C.S. §1331(a) ("Registration plates shall be provided by [DOT]."); (3) Section 1332(a), 75 Pa. C.S. §1332(a) ("Every registration plate shall, at all times, be securely fastened to the vehicle to which it is assigned or on which its use is authorized in accordance with regulations promulgated by [DOT]."); (4) Section 1501(a), 75 Pa. C.S. §1501(a) ("No person . . . shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter."); (5) Section 1511(a), 75 Pa. C.S. §1511(a) ("Every licensee shall possess a driver's license issued to the licensee at all times when driving a motor vehicle and shall exhibit the license upon demand by a police officer, and when requested by the police officer the licensee shall write the

licensee's name in the presence of the officer in order to provide identity."); (6) Section 1786(a), 75 Pa. C.S. §1786(a) ("Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility."); (7) Section 1786(b), 75 Pa. C.S. §1786(b) ("[DOT] shall require that each motor vehicle registrant certify that the registrant is financially responsible at the time of registration or renewal thereof."); (8) Section 4701, 75 Pa. C.S. §4701 ("No owner or driver shall refuse to submit a vehicle . . . to any inspection and test that is authorized or required by the provisions of this chapter."); and (9) Section 4728, 75 Pa. C.S. §4728 ("The appropriate certificate of inspection shall be affixed to the vehicle . . . as specified in regulations adopted by [DOT].").

Martinez has not cited any legal authority undermining the validity of any of the foregoing well-settled law. As a result, the trial court did not err or abuse its discretion in dismissing the Action and Motion pursuant to Pa.R.Civ.P. 240(j)(1), before ruling on Martinez's Application under Pa.R.Civ.P. 240(b), because the claims raised in the Action and Motion are patently frivolous and Martinez may not obtain the requested declaratory and injunctive relief.[5]

Accordingly, the trial court's order is affirmed.

---

[5] *See, e.g.*, *Truax v. Corrigan*, 257 U.S. 312, 332 (1921) ("Our whole system of law is predicated on the general fundamental principle of equality of application of the law. 'All men are equal before the law,' 'This is a government of laws and not of men,' [and] 'No man is above the law,' are all maxims showing the spirit in which legislatures, executives and courts are expected to make, execute, and apply laws.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,        :
       :
       Appellant    :
       :
       v.        : No. 960 C.D. 2022
       :
City of Reading Police        :
Pennsylvania Department        :
of Transportation        :

**PER CURIAM**

# O R D E R

AND NOW, this 26th day of June, 2023, the order of the Berks County Court of Common Pleas dated August 11, 2022, is AFFIRMED.